[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 2662
The parties were married on July 13, 1963 in Bridgeport, Conn. They have both resided in Connecticut for at least one year prior to May 26, 1998. There are no minor children issue of this marriage.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81, 46b-82 and 46b-62 C.G.S. in reaching the decisions reflected in the orders that follow.
The parties have been married close to 37 years. They have two grown children. The plaintiff is 57 years of age and in good health. She is employed at People's Bank and grosses $467.95 per week with a net of $322.10 per week.
The defendant is 58 years of age and in good health. He is a field services engineer for Honeywell/Vericor Power Systems (Allied). The defendant grosses $1244 per week and nets approximately $784 per week. The defendant does extensive out of the country travel for his company at which time the company pays for all his living and travel expenses.
The marriage went downhill over the past ten years. The defendant was able to amass considerable pension accounts and mutual funds accounts totaling in excess of $200,000. The parties own their home at 300 Housatonic Drive, Milford and have agreed that the equity in this home is $133,900. The plaintiff filed bankruptcy in April 1999 and discharged substantial credit card debt.
No useful purpose would be served by a review of the evidence presented in this matter. Unfortunately, the parties were unable to resolve their marital problems. The court declines to assess fault to either party for the breakdown of the marital relationship.
The following orders shall enter.
REAL ESTATE
CT Page 2663
The defendant shall forthwith transfer his interest in the marital home located at 300 Housatonic Drive, Milford, Connecticut to the plaintiff. The defendant shall be entitled to a credit of $66,955 representing his half interest in the marital home.
The plaintiff shall be responsible for the two mortgages on said property, the real estate taxes and homeowner's insurance and she shall hold the defendant harmless from any liability thereon.
PERSONAL PROPERTY
A. The plaintiff shall retain the following
1. Her People's Savings Bank and checking accounts
 2. The furniture and furnishings contained in the marital home except as hereinafter set forth
 3. The 1991 Volkswagen Jetta motor vehicle shall be the sole property of the plaintiff. The defendant shall execute the appropriate documents to transfer title to the plaintiff within 14 days of date.
 4. The following items of personal property shall be retained by the plaintiff:
a. Snow blower
b. her personal computer
c. one diver's helmet — plaintiff's choice
d. two anchor lights
e. camel bells
B. The defendant shall retain the following:
1. His boat and trailer
2. His 1987 Nissa Sentra and 1978 Ford truck CT Page 2664
 3. His Sikorsky's Federal Credit Union account and his People's checking and savings account
 4. The following items of personalty shall be turned over the defendant from the martial home within ten days of date:
a. his tools
b. fishing equipment, rods and reels
c. the generator
d. tape deck/stereo equipment and speakers
e. musical instrument from Australia
f. his computer equipment
g. chainsaw and power saw
h. one diver's helmet — plaintiff's choice
i. two anchor lights
j. miscellaneous tools and drill press
k. his tapes and guns
PENSION PLANS
 1. The defendant shall assign to the plaintiff fifty percent (50%) of his Qualified pension plan with Allied Signal, valued as of the date of dissolution, by means of a QDRO.
 2. The defendant shall bear the cost of the preparation of the QDRO which shall be drafted within 30 days hereof. The court shall retain jurisdiction over any disputes over the QDRO.
PROPERTY SETTLEMENT
 1. By way of a lump sum property settlement, the plaintiff shall be entitled to fifty percent (50%) of the following remaining assets and deferred compensation plans (excluding the assets already disposed of herein) as follows: CT Page 2665
a. the Kemper fund/account
b. Putnam Group funds (2)
c. Two cash accounts (brokerage account and PMA account)
d. The Fortis Investment accounts
 e. The Vericor Power System Savings Plan less the balance of loan number one.
 2. The defendant is entitled to a credit of $66,955 representing his 50% interest in the marital home.
 3. The parties shall determine how these assets are to be allocated for a 50/50 split and where the credit is to be applied within 30 days of date, so as to minimize tax consequences and penalties.
 4. If the parties are unable to agree on the transfer of the assets within 30 days, then the parties shall return to court for a hearing and further orders thereon.
 5. The court shall retain jurisdiction over any disputes arising out of the allocation of assets, including the credit of $66,955 due to the defendant for his interest in the marital home.
6. All assets shall be valued as of the date of judgment.
ALIMONY
 1. The parties have been married for approximately 37 years. The defendant has been gainfully employed throughout the marriage and was the breadwinner of the family. The plaintiff made non-economic contributions to the marriage, in addition to working outside the marital home. At the present time, the defendant is earning approximately 2 1/2 times the amount of the plaintiff. Both parties are in their late fifties and are approaching retirement and Social Security age.
 2. The defendant shall pay to the plaintiff as periodic alimony, the sum of $225 per week, commencing one week from date. Said periodic alimony shall be paid until the death of CT Page 2666 the defendant, the death of the plaintiff or her remarriage or cohabitation as defined by statute, whichever event shall first occur.
 3. Upon the retirement of the defendant, there shall be a second look at the amount of alimony to be paid by the defendant to the plaintiff.
4. No alimony is awarded to the defendant.
DEBTS
 1. The plaintiff shall be responsible for the debts owed BankOne credit card and shall hold the defendant harmless therefrom.
 2. The defendant shall be responsible for the debt owed to MNBA credit card, the Firestone tires and the two loans against his Vericor Power Savings Plan and he shall hold the plaintiff harmless therefrom.
LIFE INSURANCE
The defendant indicated on his financial affidavit that he has a life insurance policy in the amount of $179,000 through his employment. It is ordered that the plaintiff shall be named as the irrevocable beneficiary on said policy in an amount of $100,000. Said policy shall remain in effect for the benefit of the plaintiff for so long as said policy is available to the defendant, and for so long as the defendant has an obligation for alimony. This provision shall be modifiable.
MEDICAL INSURANCE
Each party shall be responsible for the cost of their health insurance and unreimbursed medical bills and expenses.
MISCELLANEOUS
 1. In the event the parties file a joint income tax return, both federal and state, for the year 1999, any refund shall be equally divided between the parties and any liability shall be proportionately divided between the parties. The court shall retain jurisdiction over any disputes concerning a tax refund or tax liability.
 2. The defendant shall pay to the plaintiff as a contribution towards her counsel fees the sum of $1000 within 30 days of date.
The Court By COPPETO, J. CT Page 2667